United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT PRUITT,<br><br>Defendant. | Case No. 16-cv-04092-PJH<br><br>**ORDER DENYING MOTION FOR RELIEF FROM CONSENT DECREE**<br><br>Re: Dkt. No. 40 |

Before the court is defendant Scott Pruitt's motion for relief from the Consent Decree. Dkt. 40. The matter is fully briefed and is to be decided on the papers pursuant to a prior order of the court. Dkt. 39. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion.

## BACKGROUND

This is a closed environmental law case involving air quality requirements, brought pursuant to § 304(a)(2) of the Clean Air Act ("CAA"). On July 21, 2016, plaintiffs the Center for Biological Diversity, the Center for Environmental Health, and the Clean Air Council (collectively, "plaintiffs") brought this action against Gina McCarthy, in her capacity as the Administrator of the United States Environmental Protection Agency ("EPA"). The current Administrator, Scott Pruitt, has since been substituted as the defendant following the change in administration.

Plaintiffs alleged that EPA failed to perform non-discretionary duties required by the CAA in relation to the 2008 National Ambient Air Quality Standards ("NAAQS") for

1 ozone.  See Dkt. 27, First Amended Complaint ("FAC") ¶ 1.  Once EPA promulgates the NAAQS, the CAA requires that EPA designate areas of the country as in compliance ("attainment") or not in compliance ("nonattainment").  FAC ¶ 16.  Each state is required to submit state implementation plans ("SIPs") to ensure that it meets the NAAQS.

If a state or area fails to submit a SIP, EPA must make that determination and publish notice of it on the Federal Register, a process called a "finding of failure to submit."  FAC ¶ 20.  Once a region submits a SIP, EPA must make a determination as to whether or not that SIP is "administratively complete" within 6 months.  FAC ¶ 19.  EPA must then either approve or disapprove the SIP within one year.  FAC ¶ 21.

Plaintiffs alleged that EPA did not perform these duties in a timely manner.  The FAC brought two causes of action.  The first claim alleged that EPA has failed to make a "finding of failure to submit" with respect to certain regions.  FAC ¶¶ 30–35.  The second claim alleged that the SIPs submitted by other regions were "deemed administratively complete" by law after six months, but EPA has failed to make any determination approving or disapproving the SIP within a year, as required by law.  FAC ¶¶ 36–42.

On January 19, 2017, the court granted the parties' joint motion to enter a Revised Consent Decree.  Dkt. 32 (the "Consent Decree").  As relevant to this motion, paragraph 3.n. of the Consent Decree requires EPA to take a final action, by September 29, 2017, on Delaware's SIP regarding (i) the Ozone Transport Region Reasonable Available Control Technology (RACT) Nitrogen Oxide (NOx) for Major Sources, and (ii) the RACT Non-Control Technique Guidelines (CTG) Volatile Organic Compounds (VOC) for Major Sources.

Stated more plainly, the Consent Decree requires that EPA approve, disapprove, or conditionally approve Delaware's plan to use reasonably available technologies to control major sources of nitrogen oxides and other volatile organic compounds by September 29, 2017.

On July 28, 2017, plaintiffs filed an administrative motion requesting that the court hold a telephonic status conference because it appeared that EPA would not be able to

1    comply with this deadline in the Consent Decree.  Dkt. 36.  The court granted the motion
2    and held a telephonic status conference on August 7, 2017.  Dkt. 38.  Following the
3    conference, the court ordered EPA to file a motion for an extension of the deadline, which
4    is now fully briefed and ripe for decision.

**DISCUSSION**

**A.    Legal Standard**

Because an approved consent decree represents a judgment of the court, a party seeking relief from its terms must establish one of the grounds identified in Federal Rule of Procedure 60(b).  Rufo v. Inmates of Suffolk Cty. Jail, 502 U.S. 367, 378 (1992).  Here, EPA seeks relief from the judgment because "applying [the consent decree] prospectively is no longer equitable," as well as "any other reason that justifie[s] relief."  Fed. R. Civ. P. 60(b)(5)–(6).  Rule 60(b)(5) "provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest."  Horne v. Flores, 557 U.S. 433, 447 (2009) (quotations omitted).

There is two-part standard for modifying a consent decree under Rule 60(b)(5).  First, the "party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree."  Rufo, 502 U.S. at 383.  If this "heavy burden" is met, the "district court must then determine whether the proposed modification is suitably tailored to resolve the problems created by the changed factual or legal conditions."  United States v. Asarco Inc., 430 F.3d 972, 979–80 (9th Cir. 2005).  A court abuses its discretion when it refuses to modify a consent decree in light of such changes if the moving party has met its burden and the modification is suitably tailored.  Horne, 557 U.S. at 447.

In deciding whether to modify a consent decree, courts should act in their "traditional equity role" and "take all the circumstances into account."  Bellevue Manor Assocs. v. United States, 165 F.3d 1249, 1256 (9th Cir. 1999).  Ordinarily, "modification

1  should not be granted where a party relies upon events that actually were anticipated at
2  the time it entered into a decree." Id. at 385.

### B. The Parties' Positions

EPA's motion asks that the court: (1) hold the deadline in paragraph 3.n of the Consent Decree in abeyance "while the new administration completes its review of an EPA final agency action addressing emission controls during the start-up, shutdown, and malfunction of sources" (the "SSM Action"); or (2) extend the deadline until February 28, 2018.

EPA submits that there is good cause to extend the deadline because it would be "consistent" with an order of the D.C. Circuit Court of Appeals that held a challenge to the SSM Action in abeyance. The SSM Action is a regulation relating to emissions from stationary pollution sources during startup, shutdown, and malfunctions. This regulation is currently under judicial review before the D.C. Circuit. Following the change in administration, EPA requested that oral argument in the D.C. Circuit case be held in abeyance while the new administrator, Scott Pruitt, reviews the positions taken by EPA in that case. The D.C. Circuit granted the request. EPA asserts that its decision to approve or disapprove Delaware's SIP "could well turn on the results of this policy review."

Plaintiffs argue that EPA has not met its burden for three reasons. First, it is not disputed that the extension sought by EPA would perpetuate a statutory violation of a mandatory duty in the CAA. EPA's proposed modification would therefore defeat "the very purpose" of the Consent Decree. Second, EPA has not identified the relevant "change in circumstances" to justify relief. Presuming that the change in circumstances is EPA's decision to undertake a "policy review" of the SSM Action, that decision was EPA's "own doing" and could have been anticipated when the court entered the Consent Decree. Third, plaintiffs argue that EPA's requested relief is not suitably tailored. EPA's proposed stay is indefinite, and it is "pure speculation" whether the policy review will, in fact, impact the decision on the Delaware SIP. Even if EPA chooses to change policy, rescinding and revising the SSM Action is a process that could take years.

In reply, EPA indicates that "consistent with its obligation under the Consent Decree" it recently signed a proposed rule that, if finalized, would satisfy its obligation to take final action on the Delaware SIP submission. Dkt. 42 at 1. The proposed rule will be open to public comment for thirty days; EPA will then consider any comments before taking final action.

**C.     Analysis**

The court finds that EPA has not meet its burden to justify relief from the Consent Decree. EPA does not claim that it is unable to act on the Delaware SIP. Indeed, through the new proposed rule, EPA has started the process for doing so.

EPA's alleged "change in circumstances" is of its own doing and therefore could have been anticipated. The policy review appears to be a result of the change in presidential administrations. Because the Consent Decree was entered several months after the election of President Trump, EPA was aware of this eventuality at the time.

In any event, whether EPA's "policy review" will have any impact on EPA's decision is entirely speculative at this juncture. Even if EPA ultimately decided to change policy, EPA could later revise its decision on the Delaware SIP, if necessary. See 42 U.S.C. § 7410(k)(6).

Finally, even if EPA had met its burden to show an unanticipated "change in circumstances" justifying relief, its proposed modification is not suitably tailored. EPA does not indicate any specific date by which its "policy review" will be complete. EPA's proposal—an open-ended extension of the deadline—would defeat the core purpose of the Consent Decree by perpetuating a statutory violation. Cf. Rufo, 502 U.S. at 391 (1992) ("Of course, a modification [to a consent decree] must not create or perpetuate a constitutional violation.")

In sum, EPA's decision to consider changing a related regulatory policy, at some point in the future, cannot excuse its failure to comply with its statutory duties and the judgment of this court.

///

**CONCLUSION**

For the foregoing reasons, EPA's motion for relief from the Consent Decree is DENIED. EPA is hereby ORDERED to take final action on the Delaware RACT SIP **within 90 days** of the date of this order.

**IT IS SO ORDERED.**

Dated: August 31, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge